## SUCCESSION OF ALETHEA SHROPSHIRE.

There is no prescription of obligations of individuals for the security of stock subscribed and un-paid, so long as the liquidation of the company continues.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*W. F. Kernan*, District Attorney, for the State, appellant. *E. P. Ellis* and *J. B. Smith*, for appellees.

BUCHANAN, J. The Clinton and Port Hudson Railroad Company, an insol-vent corporation, represented by *Bythel Haynes*, liquidator, has opposed the final account of administration of *John Collins* in this succession, and claims to be recognized as a creditor of the same for the sum of three thousand and seven hundred dollars, with interest and special mortgage on certain lands. This opposition was dismissed on an exception that *Mr. Haynes* had been des-tituted of his office of liquidator of the said insolvent corporation, by judg-ment of the District Court.

It was admitted on the trial of the exception, that an appeal was pending in the Supreme Court from the judgment of destitution. That appeal was de-cided by a judgment of this court rendered on the 20th of April ultimo, re-versing the judgment of destitution. *Mr. Haynes* stands, therefore, before this court perfectly competent to represent the rights of the Clinton and Port Hudson Railroad Company, for the purpose of enforcing all claims against the debtors of the said company.

His opposition is based upon an authentic act passed before *John Morgan*, notary public of the parish of East Feliciana, on the 26th of September, 1838,

whereby *James H. Shropshire* and his wife, *Alethea Collins*, acknowledged themselves jointly and severally bound for the payment of a subscription of thirty-seven shares, amounting to three thousand and seven hundred dollars, in the capital stock of the Clinton and Port Hudson Railroad Company, and also for the payment of any loan that said company might grant thereon; and for further security to said company or assigns, the said *Shropshire* and wife jointly mortgaged and hypothecated to the said company or assigns, two several tracts of land, particularly described in the act, which act is the evidence of a personal as well as real obligation on the part of the deceased *Mrs. Shropshire;* obligations legalised by the 20th section of the amended charter of the company. Session Acts of 1834, page 120. It does not appear that any portion of the subscription of *James H. Shropshire*, to the stock of the Clinton and Port Hudson Railroad Company has ever been paid; and it is admitted, that he is dead and his estate insolvent.

The plea of prescription made by the administor, is untenable. There is no prescription of obligations of individuals for the security of stock subscribed and unpaid, so long as the liquidation of the company continues. See *Jackson Railroad Company* v. *Estlin*, 12 An. 184.

The opposition of the liquidator must be sustained; but the property mortgaged does not appear to have been sold by the administration of *Mr. Shropshire*. At least, its proceeds do not figure upon this account, in such a form that they can be recognised.

The State of Louisiana, by its District Attorney and Auditor, intervened in this litigation, when the District Court had ruled the liquidator incompetent to stand in judgment; and filed an opposition, to the same effect that he had done, claiming that the State was subrogated to the rights of the Clinton and Port Hudson Railroad Company. The court dismissed this opposition also, and the District Attorney took an appeal.

The appellee has moved this court to dismiss the appeal of the State; but it is unnecessary to examine the grounds of this motion, because we understand the interests of the two opponents to be identical; and our judgment sustaining that of the liquidator, will enure to the benefit of the State as a creditor of the company.

It is, therefore, adjudged and decreed, that the judgment of the District Court upon the opposition of *Bythel Haynes*, liquidator of the Clinton and Port Hudson Railroad Company, be reversed; that the account of administration herein filed, be amended by placing thereon the Clinton and Port Hudson Railroad Company as a creditor of this succession, for the sum of three thousand and seven hundred dollars, without prejudice to the mortgage rights of said company, under the notarial act of the 26th of September, 1838, before *John Morgan*, notary public in East Feliciana; and that the costs of this opposition and appeal be borne by the succession.

Chief Justice MERRICK recuses himself, having been of counsel in similar cases.